TERRITORY OF THE VIRGIN ISLANDS)
                                )ss:
DISTRICT OF ST. CROIX           )

## AFFIDAVIT

I, Richard Matthews under penalty of perjury, depose and say:

1. That I am a Police Detective employed by the Virgin Islands Police Department as an Investigator, assigned to the Investigation Bureau, St. Croix District:

2. That while serving in that capacity on September 21, 2010 I was assigned to conduct a follow-up investigation into a reported robbery shooting and robbery, which occurred on September 21, 2010 at 11:35 a.m. at # 300 Campo Rico Frederiksted, St. Croix U.S. Virgin Islands.

3. That investigation into the above mentioned revealed the following facts:

   a.  On or about September 21, 2010 at approximately 11:35 a.m. the affiant was dispatched to investigate a reported robbery / shooting in the vicinity of # 300 Campo Rico Frederiksted.

   b.  That upon arrival at the scene, the affiant observed a white Chevrolet van, license plate CDM – 709 on the west side of # 300 Campo Rico. The rear portion of the white van was on the road way southbound lane and the front portion came to rest on the property of # 300 Campo Rico. The white van appeared to have crashed into the fence of # 300 Campo Rico.

   c.  That the affiant observed a black male individual wearing a long black pants and black t-shirt lying on the grass on the west side of # 300 Campo Rico in front of the white van. The affiant observed a hole on the left side of the male individual's jaw bone. The affiant then observed what appeared to be a bullet hole on the right side of the individual's chest. The black male individual appeared to have no vital signs. The black male individual was later identified as David Martin. Dr. Carmen Williams pronounced David Martin dead at 1:23 p.m.

   d.  That Sgt. George Felix and Forensic Technician Valencia George processed the scene and collected several items from the scene such as jewelry, jewelry pieces, bullet fragments, etc. Upon further inspection of David Martin's body, Sgt. George Felix observed three gunshot wounds; one to the chest area, one to left cheek, and one to the groin area.

Affidavit  
Edwin Encarnacion

Page: 2

e. That "W 1" was interviewed and stated that on September 21, 2010 at approximately 11:30 a.m. while in the vicinity of # 300 Campo Rico, "W 1" and "W 2" were in a blue Ford 150 pick up. "W 2" who was driving came to a stop at a stop sign. "W 1" stated that he/she observed a white van as though it crashed into the fence of # 300 Campo Rico.

'10 OCT -5 A10 :24

f. That "W 1" stated that he observed a black male individual on the grass in front of the white van pointing into the white van saying he is in there. When "W 1" looked to the white van, he/she observed a Hispanic male exiting the white van from the driver's side and went towards the blue Ford 150 pick up they were operating.

g. That "W 1" stated that "W 2" asked the Hispanic male individual where he was going. The Hispanic male individual pointed a rusty revolver at "W 2" and told him/her that he will blow their "fucking" heads off. The Hispanic male jumped in "W 2" blue Ford 150 pick up and fled from the scene at a high rate of speed in the direction of Concordia Frederiksted.

h. That "W 1" described the Hispanic male individual as light complexion, short hair, in his early thirties, and medium built. The Hispanic male individual was wearing a long jeans pants and a gray t-shirt.

i. That "W 1" description matched the affiant's description of Edwin Encarnacion, which the affiant has an outstanding warrant for in reference to the August 14, 2010 homicide of Jorge Parrilla. The affiant showed "W 1" a photo array, which consist of six individuals. "W 1" picked out photograph number 2 as the individual he/she observed on September 21, 2010 exiting the white van. Photograph # 2 is a known photograph of Edwin Encarnacion.

j. That "W 2" was interviewed and stated that on September 21, 2010 at approximately 11:30 a.m. while in the vicinity of # 300 Campo Rico, he/she and "W 1" were in his/her blue Ford 150 pick up. "W 2" stated that he/she observed a white van as though it crashed into the fence of # 300 Campo Rico.

Affidavit                                                                 Page: 3
Edwin Encarnacion

- k. That "W 2" stated that he/she observed a black male individual on the grass in front of the white van groaning and pointing into the white van. When "W 2" looked to the white van, he/she observed a Hispanic male exiting the white van and ran towards the blue Ford 150 pick up with a firearm in his hand.

  '10 OCT -5 A10 24

- l. That "W 2" stated that he/she asked the Hispanic male individual where he was going. The Hispanic male individual pointed the firearm at "W 2" and told him/her that he will blow their "fucking" heads off. The Hispanic male jumped into "W 2's" blue Ford 150 pick up and fled from the scene at a high rate of speed.

- m. That "W 2" described the Hispanic male individual as "fair" complexion, short hair, in his early thirties, and medium built and has a crucian-hispanic accent. "W 2's" description also matched the affiant's description of Edwin Encarnacion.

- n. That shortly after the homicide in the vicinity of # 300 Campo Rico, the Police recovered "W 2's" vehicle in the vicinity of Concordia Frederiksted. The police began a relentless search for Edwin Encarnacion in the bushes of Concordia and La Grange Frederiksted.

- o. That "W 3" reported to police that on September 21, 2010 at approximately 3:00 p.m. while at his/her residence in the vicinity of La Grange Frederiksted, "W 3" walked into his/her residence and observed a male inside his/her house pointing a firearm at him/her.

- p. That "W3" stated that the male individual took his/her green chair cushion and his/her blue "Kangol" hat without his/her permission and fled from his/her house. "W3" stated to Police that he/her recognized and knows the individual who took his/her belongings as Edwin Encarnacion.

- q. That Police conducted a further searched in the La Grange area. Police came upon # 243 La Grange and conducted a search therein. During the search, Police observed Edwin Encarnacion inside the south eastern bedroom lying on the floor. The Police apprehended Edwin Encarnacion at approximately 4:45 p.m. Edwin Encarnacion was wearing long blue jeans with no shirt.

Affidavit                                                                                 Page: 4
Edwin Encarnacion

r. That Sgt. George Felix and Sgt. Jonathan Hitesman conducted searched at # 243 La Grange in the south eastern bedroom, where Edwin Encarnacion was apprehended. Sgt. Felix and Sgt. Hitesman recovered a .357 caliber revolver, a cuban link gold chain with a "panther" head pendant were inside a laundry basket. The a green chair cushion was recovered in the kitchen on top of the dining table and the blue "Kangol" was recovered on the bed in the southeastern bedroom.

s. That Sgt. Felix inspected the .357.caliber revolver and observed three live rounds and three spent casing inside the barrel.

t. That on September 21, 2010 at approximately 10:35 p.m. Sgt. Dino Herbert and Det. Cureene Smith went to "W 3" residence. When asked to describe the items he/she was missing, "W3" described the green chair cushion and the blue "Kangol" hat. Sgt. Herbert showed "W 3" a photograph of the chair cushion and the "Kangol" that was recovered at # 243 La Grange. "W3" positively identified both items as belonging to him.

u. That on September 21, 2010 at approximately 10:24 p.m. Sgt. D. Herbert and Det. C. Smith went to "W 4" residence. "W 4" who is a relative of David Martin the deceased described a gold chain and the pendant he/she knows David Martin to wear. Sgt. Herbert showed "W 4" a photograph of the gold chain and pendant that was recovered at # 243 La Grange. "W 4" identified the gold chain and pendant in the photograph as David Martin's gold chain and pendant.

v. That the affiant made a firearm check at the Virgin Islands Police Department firearms division and discovered that Edwin Encarnacion does not have a license to carry a firearm or ammunition in the U.S. Virgin Islands.

w. That Firearm and tool examiner Maurice Cooper tested the recovered .357 caliber revolver and the results prove that the firearm was operable.

Affidavit                                                                 Page: 5
Edwin Encarnacion

x. That Firearm and tool examiner Maurice Cooper compared the round that was test fired from the .357 caliber revolver with the round that was removed from David Martin body during the autopsy. Maurice Cooper concluded that the test fired bullet and the bullet recovered from David Martin's body were fired from the recovered .357 caliber revolver.

**WHEREFORE**, based on the above mentioned, your affiant has probable cause a to believe that **EDWIN ENCARNACION** crimes occurred; **MURDER IN THE FIRST DEGREE, ASSAULT IN THE FIRST DEGREE, ROBBERY IN THE FIRST DEGREE (2 COUNTS), ASSAULT IN THE THIRD DEGREE (4 COUNTS), BURGLARY IN THE FIRST DEGREE, BUGLARY IN THE THIRD DEGREE, RECKLESS ENDANGERMENT IN THE FIRST DEGREE, POSSESSION OF AN UNLICENSED FIREARM DURING THE COMMISSION OF A CRIME OF VIOLENCE, FAILURE TO REPORT FIREARMS PURCHASED OUTSIDE OR BROUGHT INTO THE VIRGIN ISLANDS, UNAUTHORIZED USE OF A VEHICLE** in violation of 14 V.I.C. 921, 922 (a) (2), 295 (1), 1862(2), 297 (2), 441(1), 444 (1), 625 (a), 2253 (a), Title 23, section 470 (a), and Title 14 section 1382 respectfully.

Respectfully submitted,

*Richard Matthews*
Det. Richard Matthews # 12

SUBSCRIBED and SWORN to before me
THIS 4 DAY OF October, 2010

*Jennifer A.C. Richardson*
NOTARY PUBLIC
JENNIFER A. C. RICHARDSON
NOTARY PUBLIC ST. CROIX, U.S.V.I.
COMMISSION NO. NP-201-07
MY COMMISSION EXPIRES 12-09-2011